IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Gabriel Jon Rios,                  )     C/A No. 1:19-cv-02329-SAL
                                         )
                Petitioner,    )
                                           )
v.                                       )
                                         )      **OPINION & ORDER**
Warden Williams,           )
                                         )
                Respondent.    )
_____ )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) (the "Report"). [ECF No. 39.]

## PROCEDURAL BACKGROUND

Petitioner Gabriel Jon Rios ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] In conjunction with the filing of his Petition, Petitioner filed a motion to hold the matter in abeyance. [ECF No. 2.][1]

Respondent Warden Williams ("Respondent") filed a return with a memorandum of law, ECF No. 16, and a motion for summary judgment, ECF No. 17. By order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [ECF No. 18]. Petitioner requested and received three extensions of time to respond to Respondent's motion. [ECF Nos. 22, 23, 27, 28, 31, 32.] Following the grant of the three extensions, Petitioner

---

[1] The Magistrate Judge denied the motion to hold the matter in abeyance by text order, *see* ECF No.20, but subsequently vacated the text order and readdressed the motion in the Report.

responded with a memorandum in opposition to Respondent's motion.  [ECF No. 37.]  Petitioner

filed his own motion for partial summary judgment, as well.  [ECF No. 30.]

On May 19, 2020, the Magistrate Judge issued a thorough Report, opining that this court should

deny Petitioner's motion to hold the matter in abeyance, deny Petitioner's motion for partial

summary judgment, and grant Respondent's motion for summary judgment and dismiss the

petition.  [ECF No. 39.] The Report sets forth in detail the relevant facts and standards of law on

this matter, and this court incorporates those facts and standards without a recitation.  Attached to

the Report was the notice of right to file objections.  *Id.*  After receiving an extension of time,

Petitioner filed objections on June 22, 2020.  [ECF Nos. 41, 42, 44.]  The matter is ripe for review

by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to

which specific objections are made, and the court may accept, reject, or modify, in whole or in

part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge

with instructions. *See* 28 U.S.C. § 636(b)(1).  A district court, however, is only required to conduct

a de novo review of the specific portions of the Magistrate Judge's Report to which an objection

is made.  *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d

1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is

not required to explain why it adopts the recommendation.  *See Camby v. Davis*, 718 F.2d 198,

199 (4th Cir. 1983).  Thus, the court must only review those portions of the Report to which the

party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d

310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Petitioner asserts nine objections to the Report. [ECF No. 44.] This court addresses each objection below.

The first two objections challenge the Report's consideration and handling of Petitioner's *Martinez*[2] arguments. In the first objection, Petitioner contends that the Magistrate Judge erred in "not hearing" his *Martinez* arguments. [ECF No. 44 at p.3.] More specifically, Petitioner argues that the Report "ignored arguments" related to his claim of ineffective assistance of counsel and this court must now consider them pursuant to *Samples v. Ballard*, 860 F.3d 266 (4th Cir. 2017). *Id.* at pp.4–7 (outlining arguments 1–11). The 11 claims of ineffective assistance of counsel in the objections mirror those outlined in Petitioner's response in opposition to summary judgment. [*See* ECF No. 37 at pp.9–49 (outlining same arguments).] In the second objection, Petitioner argues that the Report erred in failing to consider the 11 issues as an amendment to his Petition. [ECF No. 44 at p.8.] Both objections fail.

The *Samples* decision does not support Petitioner's objections. Notably, *Samples* is procedurally different from the case at hand. It involved new arguments presented for the first

---

[2] *Martinez v. Ryan*, 566 U.S. 1 (2012).

4

time in objections.  Thus, the question in *Samples* was "whether a habeas petitioner's claim raised for *the first time in objections* to a magistrate judge's proposed findings and recommendations must be heard by the district judge."  860 F.3d at 268 (emphasis added).  The Fourth Circuit "broadly answered the question in the affirmative," concluding in addition that the district court in that case did not commit reversible error. *Id.*  In the present case, Petitioner raised the same 11 issues in his Petition, *see* ECF No. 1, in relation to Ground Six, and then Petitioner raised them again—verbatim—to the Magistrate Judge in his opposition memorandum.  The Report, as a result, fully considered the arguments and issues.  [*See* ECF No. 39 at pp.30–31, 33 n.14, 36, 44–47.]  Petitioner's first objection does not involve new arguments such that the *Samples* analysis applies.[3]  Further, because the 11 issues were fully considered in the Report and because Petitioner fails to identify any error in the Report's analysis,[4] there is no basis for the second objection.  Objections 1 and 2 are overruled.

Petitioner's third and fourth objections argue that the Report does not properly apply 28 U.S.C. § 2254(c) to Ground One in his Petition.  [ECF No. 44 at pp.9.]  More specifically, he argues that Ground One is not exhausted because he has a second PCR application pending in state court, and state law gives him a right to pursue this claim one year after discovery of the evidence.  The objections miss the mark.

First, the court agrees with the Report's conclusion that the claim is procedurally defaulted.  The newly-discovered evidence is entirely unrelated to Petitioner's case.  Petitioner failed to present any evidence that documents were falsified or that there was otherwise inappropriate

---

[3] Even if *Samples* applied, it makes a distinction between new claims and new arguments.  The "district court is not required to hear . . . new claims under [*United States v. George*, 971 F.2d 113 (4th Cir. 1992).]"  *Samples*, 860 F.2d at 271.

[4] Having reviewed the Report's analysis of these issues and the evidence presented at summary judgment, this court found no error in the Report's analysis.

behavior by the investigator in his case.  Moreover, Petitioner failed to offer any explanation as to why these issues could not have been raised in his first PCR application.  Again, the newly-discovered evidence has no relation to Petitioner's case.  Petitioner's objection, much like his opposition to summary judgment, fails to identify (1) inappropriate behavior by the investigator in Petitioner's case and (2) a reason why these arguments were not presented in his first PCR application.  Further, the objections address only the first conclusion—exhaustion, leaving the second and third issues—procedural default and merit—unaccounted for.  Having failed to object to the Report's conclusion that Ground One is lacking in merit, that finding is subject to only a clear error review.  Finding none, and in accordance with the above analysis, the court overrules Petitioner's third and fourth objections.

The fifth and sixth objections relate to the application of summary judgment procedure to a pro se litigant.  [ECF No. 44 at pp.11–13.]  More specifically, he argues that the lack of a hearing violates his due process rights, as well as Rule 8 of the habeas rules.  This court disagrees.  Rule 12 of the Rules Governing 2254 and 2255 Cases provides that all of "[t]he Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 56 of the Federal Rules of Civil Procedure governs summary judgment.  Given that Rule 56, FRCP does not conflict with the rules governing habeas cases, it applies.  Petitioner's status as a pro se litigant does not change this result.  *See Toney v. LaSalle Bank Nat'l Ass'n*, 896 F. Supp. 2d 455, 463–64 (D.S.C. 2012) ("A pro se pleading is not subjected to the same scrutiny as one drafted by an attorney. Even pro se litigants, however, must follow the procedural rules of the court.") (citations omitted).

Additionally, Petitioner is not entitled to an evidentiary hearing.  An evidentiary hearing is not available in a federal habeas action challenging a state conviction unless: (1) the claim relies on a

6

new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or that the factual basis for the claim was previously unavailable; or (2) the facts sought to be proved would "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).  "Pursuant to section 2254(e)(2), the court 'shall not' hold an evidentiary hearing unless the Petitioner 'shows that' he meets the requirements of [28 U.S.C. § 2254(e)(2)]." *Grant v. Bush*, No. 6:14-cv-1313, 2015 WL 4747104, at *9 (D.S.C. Aug. 11, 2015) (citing 28 U.S.C. § 2254(e)(2)).  Neither Petitioner's objection, nor his response in opposition to summary judgment meet these requirements.  The objections are overruled.  *See Johnson v. Cartledge*, No. 8:12-cv-1536, 2014 WL 1159591, at *5 (D.S.C. Mar. 21, 2014) ("The Court overrules this objection as Petitioner is no entitled to a hearing as a matter of right."); *Moore v. Ozmint*, No. 8:08-cv-2036, 2009 WL 1834503, at *10 (D.S.C. June 25, 2009) ("The petitioner is not entitled to a hearing based upon unsupported, conclusory allegations.").

The seventh objection is conclusory.  Petitioner argues that the Report "improperly made determination[s] of the victims testimony in state court proceedings." [ECF No. 44 at p.14.]  While this objection is far from specific, the court has thoroughly reviewed the report and the record and concludes that it is unable to find any instance of improper determinations or other error in describing the testimony in the state court proceedings in the Report. The objection is overruled.

Petitioner's eighth objection contends that the Report improperly weighed the evidence in its consideration of Ground One; specifically, the analysis in footnote 10.  *Id.*  A simple review of the footnote evidences the flaw in Petitioner's objection.  The footnote states:

> Although Petitioner argues that the Spartanburg County Sheriff's Department, the Solicitor's Office, and the Attorney General's Office are investigating Williams's cases from the last 20 years [*see, e.g.,* ECF No. 30-1 at 11], as stated above, Petitioner offers no

> evidence in support of his allegations that Williams acted
> inappropriately in the instant case.

[ECF No. 39 at pp.27–28 n.10.]  It provides that "Petitioner offers no evidence." A finding of no evidence is not a weighing of presented evidence.  The Report could not weigh evidence that it did not have before it.  The eighth objection is overruled.

Petitioner's final objection, similar to objections 5 and 6, again relates to the lack of an evidentiary hearing.  For the same reasons outlined above, this objection is denied.  Further, to the extent Petitioner also argues that the Report misapplied *Rhines v. Weber*, 544 U.S. 269 (2005), this court disagrees.  At the outset, Petitioner fails to identify how *Rhines* was misapplied. He makes only the blanket contention that this court cannot decide the case with "incomplete record." Having reviewed the Report, briefing, and record before this court, it is unable to find error in the Report's application of *Rhines*.  Pursuant to *Rhines*, a district court may stay a habeas proceeding only when it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  544 U.S. at 277.  Petitioner failed to present any evidence or basis for "good cause" when the matter was pending before the Magistrate Judge and his objection fails to remedy the failures.  The final objection is overruled.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 39] is accepted, adopted in its entirety, and is incorporated herein.  Therefore, it is the judgment of this court that Petitioner's motion to hold case in abeyance [ECF No. 2] is **DENIED**, Petitioner's motion for partial summary judgment [ECF No. 30] is **DENIED**, Respondent's motion for summary judgment [ECF No. 17] is **GRANTED** in its **ENTIRETY**, and the Petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

July 13, 2020
Florence, South Carolina

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."