IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gabriel Jon Rios, | ) | C/A No. 1:19-cv-02329-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Warden Williams, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on (1) Petitioner's Motion to Amend Petition and (2) Petitioner's

Motion to Alter or Amend Judgment.  [ECF Nos. 49, 51.]  In an Order dated July 13, 2020, this

court granted Respondent's motion for summary judgment and dismissed this case with prejudice.

[ECF no. 46.]  Petitioner now seeks reconsideration of that Order and/or leave to amend his habeas

petition.  The court denies both motions.

The court will first consider the motion to alter or amend judgment, which was filed in

accordance with Rule 59(e) of the Federal Rules of Civil Procedure.  [ECF No. 51.][1]  The Fourth

Circuit has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to

alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law;

(2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.

2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

"Rule 59(e) motions may not be used, however, to raise arguments which could have been raised

prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that

---

[1] Respondent filed a memorandum in opposition.  [ECF No. 52.]

the party had the ability to address in the first instance." *Pacific Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Here, Petitioner fails to identify any intervening change in controlling law, new evidence, or a clear error of law that must be corrected to prevent injustice. Instead, Petitioner rehashes the same conclusory arguments raised in his objections to the Report and Recommendation. The arguments were fully addressed by this court in its July 16, 2020 Order adopting the Report and Recommendation. Accordingly, Petitioner has not set forth any reason why this court should grant the "extraordinary remedy" provided by Rule 59(e). *Pacific Insurance*, 148 F.3d at 403.

Turning to Petitioner's Motion to Amend, the court concludes that to allow an untimely amendment at this stage in the litigation would be prejudicial. The motion was filed after summary judgment was granted and his petition dismissed with prejudice. Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). To permit Petitioner to amend his pleadings at this late date to add an additional claim or argument after the case has been decided on the merits would subject Respondent to undue prejudice. As a result, the court must deny the motion.

In accordance with the foregoing reasons, Petitioner's Motion to Amend, ECF No. 49, is **DENIED**; and Petitioner's Motion to Reconsider, ECF No. 51, is also **DENIED**.

   **IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

October 5, 2020
Florence, South Carolina

2